Weygandt, C. J.
On the date the condemnation money was deposited with the clerk of courts, the unexpired portion of the plaintiff’s five-year lease was 27 months with an option for a renewal for a further term of five years. Thus there was a possible unexpired term of 87 months at the stipulated rental of $220 per month.
Counsel are in agreement as to two of the fundamental rules involved in appropriation cases. The first is that the owners are entitled to recover the fair value of the property when put to the most advantageous use to which it can reasonably and practically be adapted. The second rule is that a lessee is entitled to the market value of his unexpired term over and above the amount of rent he is obligated to pay under the terms of his lease.
The lower courts held that this record discloses no evidence showing a market value of the unexpired term of the lease in excess of the amount of the required rental.
Was this error?
The defendant lessors produced two witnesses who testified that the leasehold had no market value for the alleged reason *311 that the market rental value was less than the rentals yet required to be paid under the terms of the lease.
To the contrary was the evidence offered by the plaintiff lessee. It is undisputed that when the lease was executed the original lessee paid the defendant lessors the sum of $7,500 in cash in addition to the monthly rentals of $220. Then when the original lessee assigned the lease to the plaintiff the latter paid the lessee the sum of $8,800 in cash in addition to assuming the obligation to pay the monthly rentals of $220. The plaintiff testified that in his opinion his leasehold had a fair market value of $8,800 at the time the property was appropriated by the state. He testified also that in July or August 1955 he refused an offer of $10,000 in cash for his lease. His witness estimated the value at $8,000. However, the trial court made the following comment concerning this evidence:
“At first bhish it would appear that the lessee’s witness attempted to put a valuation on the unexpired term of the lease at $8,000 over the amount which the lessee was obligated to pay for the remainder of the term. At page 49 of the record, however, he dispels this belief.
“ ‘Q. One more question, Mr. Dawson. Maybe we can answer it this way. Do you have an opinion, sir, as to the value of the subject property? A. In fee?
“ ‘Q. Now, wait a minute. No, sir. Such value being the rental value over and above the amount of rent that Mr. Frownfelter is obligated to pay? A. I don’t believe I arrived at such conclusion. I did not consider it. I arrived at the conclusion of the economic value of the leasehold to the leaseholder, to the fee owner.’
‘ ‘ The witness had gone into some detail to outline the method he used but here for the first time does it definitely appear that he did not follow the rule pronounced by Ohio courts. He did testify that by certain computations he arrived at the lessee’s net profit per month. He then computed the net profit per year and multiplied this figure by a factor 4.160 and arrived at a figure of $8,030. This he reduced to $8,000 and calls it ‘market value of lessee’s interest’ (plaintiff’s exhibit 3, page 10). Assuming, but not conceding, that the witness attempted to arrive at the same conclusion as if the Ohio rule had been followed, we *312 find no approval of Ms method by any Ohio court, nor is there any evidence that the result would be the same. Furthermore, if the figure of $8,000 is item (2) of the formula stated by Judge Taft in the Queen City case, supra [Queen City Realty Co. v. Linzell, Dir., 166 Ohio St., 249, 142 N. E. (2d), 219], then there is nothing due the lessee because the rental to be paid for the unexpired term of the lease is more than the $8,000.”
A careful study of the evidence discloses a defiMte probability of a misunderstanding among counsel, witnesses and even the trial court as to certain questions and answers. As stated in his opirnon, the trial court was doubtful whether the plaintiff’s witness Dawson had in mind the correct rule for evaluating the plaintiff’s leasehold interest; and the court also reached the conclusion that-the witness did not intend to say he thought the lease has a market value in excess of the amount of the stipulated rental. It is unfortunate that these doubts were not removed by further questions and answers, especially in view of the effect of the plaintiff’s exhibit B which seems to show that the witness Dawson already had deducted the $220 monthly rentals in computing the plaintiff lessee’s net profit.
The plaintiff as well as the defendants cites and relies on the decision of this court in the appropriation case of Queen City Realty Co. v. Linzell, Dir., supra. Of the two paragraphs in the syllabus, only the second is pertinent here. It reads:
“2. In such a proceeding, evidence as to the reasonable rental value of such real estate may be admissible.”
Likewise, reference is made to the following paragraph in the opirnon:
“The value of a leasehold interest will always be necessarily dependent upon at least two factors, i. e., (1) the rental to be paid for the real estate leased and (2) the reasonable value of the use of that real estate for the period of the lease. Such a leasehold interest will have a value only where the amount of the second of these factors exceeds the amount for the period of the lease of the first of those factors. Such an instance will usually occur only for one or more of the following causes: (1) the lease involved was made for a lower rent than a reasonable rental for the real estate involved, (2) the reasonable rental *313 value of comparable real estate has increased since the lease involved was made and (3) improvements upon the leased premises have increased their reasonable rental value.”
However, it is the contention of the plaintiff that the two elements there named are not the only ones to be considered. He insists that the lower courts ignored the evidence concerning two additional elements, namely, premium payments and increase in the value of the realty and consequently in the value of the leasehold. From the opinions and journal entries of the lower courts it is impossible to determine what, if any, consideration these elements received. Fluctuation in the market value of the realty itself obviously is reflected in the market value of the leasehold. Likewise, the advance premium payment is in reality an advance payment in rent, as would be demonstrated if the terms of the lease required the lessee to pay the entire rent in advance.
This court is not presuming to weigh the evidence, but it is this court’s duty to determine whether the record does disclose any evidence tending to show that the plaintiff’s lease has a market value in excess of the amount of the rental named in the lease. This court does so hold. Hence, it was prejudicial error for the lower courts to say that the record is devoid of such evidence. The judgment of the Court of Appeals is reversed, and the cause is remanded to the Court of Common Pleas for retrial.

Judgment reversed.

Zimmerman, Tart, Matthias, Bell and Herbert, JJ., concur.
Peck, J., not participating.